UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re:

|  |  |
|---|---|
| JAMES G. KALPAKIS, | Chapter 7 |
|  | Case No.: 17-73818-ast |

Debtor.

-------------------------------------------------------------------x

## ORDER DENYING DEBTOR'S MOTIONS
## TO ACCESS PREMISES AND EXTEND THE AUTOMATIC STAY

*Background*

On January 13, 2017, James G. Kalpakis ("Debtor"), acting *pro se*, filed a voluntary

petition for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code"),

assigned case number 17-70207-ast (the "First Case").

On May 22, 2017, on proper notice and after a hearing, the Court entered an Order

granting a motion for relief from the automatic stay (the "Stay Relief Order") as it relates to

property located at 208 Glen Cove Road a/k/a 208 Guinea Woods Road, Old Westbury, NY

11568 (the "Property") filed by Selene Finance LP as servicer for CP-SRMOF II 2012-A Trust,

U.S. Bank Trust National Association ("Selene").  [case no. 17-70207; dkt item 49]  The Stay

Relief Order provides, among other things:

> **ORDERED**, that [Selene] shall rent a storage POD and have the
> storage POD delivered to the Premises for Debtor to store his
> possessions for thirty (30) days beginning from the later of (i) the
> date of entry of this Order and (ii) the date on which the storage POD
> is actually delivered to the Premises; and it is further
>
> **ORDERED**, that Debtor shall be allowed reasonable, supervised
> access by [Selene] to the Premises to allow Debtor to catalogue his
> personal items within the Premises and move them into a storage
> POD located on the Premises on dates and times mutually agreed to
> in writing by Debtor and [Selene]; and it is further …

The storage pod was an accommodation offered by Selene.

1

On May 22, 2017, the Court entered an Order granting the Chapter 7 Trustee's motion to dismiss the First Case for Debtor's failure to appear at the statutorily mandated meeting of creditors.  [case no. 17-70207; dkt item 50]

On June 7, 2017, Debtor's First Case was closed.

On June 21, 2017, Debtor, acting *pro se*, commenced this case by filing a voluntary petition for relief under chapter 7 of the Bankruptcy Code (the "Second Case").

On July 20, 2017, Debtor filed two applications seeking Orders to Show Cause; one requesting the Court enter an Order authorizing Debtor to have access to the Property (the "Access Motion"); and the other seeking an Order extending the automatic stay pursuant to 11 U.S.C. § 362(c) (the "Motion to Extend" and together with the Access Motion, the "Motions"). [dkt items 20, 21].  In support of the Access Motion, Debtor asserts he has used the Property as a residence and office since 2006, that he was incarcerated from 2014 through 2016, and that in May of 2017 the locks to the Property were changed, which is preventing him from accessing the Property without supervision. In support of the Motion to Extend, Debtor asserts that a stay is needed to prevent an eviction proceeding or foreclosure sale.

On July 21, 2017, the Court issued an Order scheduling a hearing on the Motions for August 3, 2017 at 10:30 a.m. (the "Hearing").  [dkt item 22]

On July 26, 2017, Selene filed an objection to the Motion to Extend (the "Objection to Extend"), asserting, *inter alia*: the Property was sold to Selene on or about September 15, 2015 pursuant to a Judgment of Foreclosure issued by the Supreme Court of the State of New York (Index No.: 6161/2009); that on February 1, 2017, Debtor commenced an action against Selene in state court for adverse possession of the Property; and that Debtor's Second Case was not filed in good faith pursuant to 11 U.S.C. § 362(c)(3)(C).  [dkt item 23]

On August 2, 2017, Selene filed an objection to the Access Motion ("Objection to Access"), asserting, *inter alia*, that Selene fully complied with the Stay Relief Order in the First Case. [dkt item 26]

On August 3, 2017, the Court held the Hearing. Debtor and Counsel for Selene appeared. Debtor did not contest that Selene had fully complied with the Stay Relief Order.

**Debtor's Access Motion Should be Denied**

The Court previously provided Debtor with reasonable access to the Property to obtain his possessions pursuant to the Stay Relief Order.  [case no. 17-70207; dkt item 49]  Debtor did not timely appeal the Stay Relief Order and it is a final order of the Court.  Debtor conceded that Selene fully complied with the Stay Relief Order.  Thus, Debtor is in essence seeking reconsideration of the Stay Relief Order, but has failed to establish cause to reconsider the Stay Relief Order, even if such relief could be considered in a different case than the case in which the order was entered.   Accordingly, the Court will deny Debtor's Access Motion.  *See Liberty Mut. Ins. Co. v. N.Y. (In re Citron)*, 433 B.R. 62, 65 (Bankr. E.D.N.Y. 2010) ("motions for reconsideration are not granted unless 'the moving party can point to controlling decisions or data that the court overlooked'—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court") (quoting *Rafter v. Liddle*, 288 Fed. Appx. 768, 769 (2d Cir. 2008)(citing *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

Alternatively, to the extent Debtor is attempting to assert claims related to his state court proceedings to obtain possession of or access to the Property, the Court permissively abstains from hearing those claims.  Under 28 U.S.C. § 1334(c)(1), a Bankruptcy Court may permissibly abstain from hearing a proceeding.  *See* 28 U.S.C. § 1334(c)(1) ("[N]othing in this section

3

prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11. . . .”); *Osuji v. Fannie Mae (In re Osuji)*, No. 16-08039 (AST) (Bankr. E.D.N.Y. Sept. 2, 2016), *Aff'd*, 2017 U.S. Dist. LEXIS 110682, at *4 (E.D.N.Y. July 17, 2017).  The Second Circuit has indicated that such abstention “is within the sound discretion of the bankruptcy court.” *Abir v. Malky, Inc. (In re Abir)*, No. 09 CV 2871(SJF), 2010 U.S. Dist. LEXIS 28471, 2010 WL 1169929, at *7 (E.D.N.Y. Mar. 22, 2010) (citing *In re Petrie Retail, Inc.*, 304 F.3d 223, 232 (2d Cir. 2002) (“Permissive abstention from core proceedings under 28 U.S.C. § 1334(c)(1) is left to the bankruptcy court’s discretion.”)); *Osuji*, 2017 U.S. Dist. LEXIS 110682, at *4-5.

In deciding whether to permissibly abstain, the Bankruptcy Court may consider

> (1) the effect or lack thereof on the efficient administration of the estate if a court recommends abstention; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of the applicable state law; (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court; (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than the form of an asserted “core” proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden of [the court’s] docket; (10) the likelihood that the commencement of the proceeding in a bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; and (12) the presence in the proceeding of non-debtor parties.

*See In re Pers. Comm. Devices, LLC*, Case No. 13-74303 (AST), 2016 Bankr. LEXIS 2844, at *25-27 (Bankr. E.D.N.Y. Aug. 5, 2016); *Exeter Holding, Ltd. v. AFC Real Estate, LLC (In re Exeter Holding, Ltd.)*, Nos. 11-77954-ast, 12-8392-ast, 12-8393-ast, 12-8395-ast, 12-8410-ast,

2013 Bankr. LEXIS 1008, at *10 (Bankr. E.D.N.Y. Mar. 14, 2013) (citations and quotations omitted).

Permissive abstention is warranted as to Debtor's possession claims against Selene based upon the presence of the following factors: (1) the efficient administration of the estate; (2) state law issues clearly predominate over bankruptcy issues; (4) there was a state court foreclosure proceeding related to the Property, and currently there is a related state court adverse possession proceeding; (9) the burden on the court's docket; and (10) the likelihood that the commencement of the proceeding in a bankruptcy court involves forum shopping by Debtor.

This Court's permissive abstention will assist in the efficient administration of the Second Case estate. Debtor has allegedly again failed to appear for the statutorily mandated meeting of creditors pursuant to 11 U.S.C. § 341[1] and this case is on the cusp of being dismissed; dismissal should not be delayed pending resolution of Debtor's ongoing efforts to have further access to the Property.

Additionally, permissive abstention is warranted because state law issues predominate over Debtor's Access Motion. Debtor primarily seeks to stay his eviction from the Property, stop a foreclosure sale (which occurred in 2015), and gain access to or possession of the Property. The state court is better equipped for adjudicating the foreclosure and possession issues, and Debtor has commenced a state court action to quite title to the Property. This Court will not interfere with the state court's ability to make a determination on the merits as to the proper party to possess the Property.

---

[1] *See* Motion to Dismiss, Affirmation of Richard L. Stern. [dkt item 30]

***Debtor's Motion to Extend Should Also be Denied***

Section 362(c)(3) limits the duration of the automatic stay to the first thirty days after the

filing of a debtor's second bankruptcy case under the following circumstances:

> (3) if a single or joint case is filed by or against a debtor who is an
> individual in a case under chapter 7, 11, or 13, and if a single or joint
> case of the debtor was pending within the preceding 1–year period
> but was dismissed, other than a case refiled under a chapter other
> than chapter 7 after dismissal under section 707(b)[.]

11 U.S.C. § 362; *In re Forletta*, 397 B.R. 242, 243–44 (Bankr. E.D.N.Y. 2008).  To obtain an

extension beyond thirty days, a debtor must demonstrate after notice and hearing that the filing

of the instant action is in "good faith as to the creditors to be stayed."  11 U.S.C. § 362(c)(3)(B).

Under § 362(c)(3)(B)(i) the debtor must rebut the presumption that his case was "filed not in

good faith."  That presumption arises if, among other things "there has not been a substantial

change in the financial or personal affairs of the debtor since the dismissal of the next most

previous case under chapter 7, 11, or 13…" 11 U.S.C. § 362(c)(3)(B)(i)(lll); *Forletta*, 397 B.R.

at 245.

Here, there is a presumption that Debtor's Second Case was not filed in good faith, which

Debtor has failed to rebut by clear and convincing evidence.  The only change in circumstances

following dismissal of the First Case is Debtor's desire to continue to use or have access to the

Property.

***Conclusion***

Debtor's Access Motion should be denied for Debtor's failure to establish cause to

reconsider this Court's prior Stay Relief Order.  Alternatively, the Court permissively abstains

from hearing Debtor's state law claims related to the Property.  Additionally, Debtor's Motion to

Extend should be denied for Debtor's failure to rebut the presumption that his Second Case was not filed in good faith by clear and convincing evidence.

     After due deliberation, it is hereby

     **ORDERED**, that Debtor's Access Motion is denied; and it is further

     **ORDERED**, that Debtor's Motion to Extend is denied.



**Dated: August 18, 2017**
     **Central Islip, New York**

                                          **Alan S. Trust**
                                 **United States Bankruptcy Judge**